IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. _____ |
| | ) | |
| | ) | |
| MSN PHARMACEUTICALS INC. and MSN | ) | |
| LABORATORIES PRIVATE LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Otsuka Pharmaceutical Co., Ltd. ("Otsuka"), files this complaint for patent infringement against Defendants MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") and MSN Laboratories Private Limited ("MSN Laboratories") (collectively, "MSN") and hereby alleges as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement of U.S. Patent No. 8,501,730 ("the '730 Patent") and U.S. Patent No. 10,905,694 ("the '694 Patent") arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.,* and for a declaratory judgment of infringement of U.S. Patent No. 8,273,735 ("the '735 Patent") (collectively, the "Patents-in-Suit") under 35 U.S.C. § 100 *et seq.*, and 28 U.S.C. §§ 2201 and 2202.

2.      This action arises out of MSN's submission of an Abbreviated New Drug Application ("ANDA") No. 219581 ("MSN's ANDA") under § 505(j) of the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to commercially manufacture, use, offer for sell and sell in the United States,

and/or import into the United States, tolvaptan tablets (15, 30, 45, 60, and 90 mg) ("MSN's ANDA Products") prior to the expiration of the Patents-in-Suit.

## PARTIES

3.      Otsuka is a corporation organized and existing under the laws of Japan with its corporate headquarters at 2-9 Kanda Tsukasa-machi, Chiyoda-ku, Tokyo, 101-8535, Japan. Otsuka is engaged in the research, development, manufacture and sale of innovative pharmaceutical products.

4.      On information and belief, Defendant MSN Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

5.      On information and belief, Defendant MSN Laboratories is a corporation organized and existing under the laws of India, having a principal place of business at MSN House, C-24, Industrial Estate, Sanathnagar, Hyderabad-18, Telangana, India, 500018.

6.      On information and belief, MSN Pharmaceuticals is a wholly-owned subsidiary of MSN Laboratories.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

8.      This Court has personal jurisdiction over MSN Pharmaceuticals because, on information and belief, MSN Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware.

9.      This Court has personal jurisdiction over MSN Laboratories because, *inter alia*, MSN Laboratories, itself and/or through its wholly-owned subsidiaries, including MSN

Pharmaceuticals, has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. On information and belief, MSN Laboratories directly or indirectly is in the business of developing, manufacturing, marketing, importing, offering to sell, and selling pharmaceutical drug products, including generic drug products, throughout the United States, including in Delaware. On information and belief, MSN Laboratories derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware. MSN Laboratories act of filing the ANDA constitutes a formal act that reliably indicates its plans to engage in marketing of the accused infringing MSN ANDA Products in Delaware. Upon approval and marketing of the ANDA No. 219581, Delaware would be a destination for MSN's ANDA Products.

10.     In the alternative, assuming that the above facts do not establish personal jurisdiction over MSN Laboratories, this Court may exercise jurisdiction consistent with the United States Constitution and laws under Fed. R. Civ. P. 4(k)(2) because: (a) Otsuka's claims arise under federal law; (b) MSN Laboratories is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) MSN Laboratories has sufficient contracts with the United States as a whole, including but not limited to, manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over MSN Laboratories satisfies due process.

11.     Venue is proper as to MSN Pharmaceuticals in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because MSN Pharmaceuticals is incorporated in Delaware.

12.     Venue is proper as to MSN Laboratories in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because MSN Laboratories is a foreign corporation incorporated in India and

can be sued in any judicial district in the United States where it is subject to the court's personal jurisdiction.

## OTSUKA'S JYNARQUE®

13. Otsuka is the holder of the New Drug Application ("NDA") No. 204441 for JYNARQUE® tablets in 15, 30, 45, 60, and 90 mg dosage forms ("JYNARQUE® tablets").

14. The FDA approved NDA No. 204441 on April 23, 2018.

15. JYNARQUE® tablets are prescription drugs used to slow kidney function decline in adults who are at risk for rapidly progressing autosomal dominant polycystic kidney disease ("ADPKD").

## THE PATENTS-IN-SUIT

16. The '730 Patent, entitled "Process for Preparing Benzazepine Compounds or Salts Thereof" was duly and legally issued on August 6, 2013. A true and correct copy of the '730 Patent is attached hereto as Exhibit A.

17. The '730 Patent claims compositions made by processes for preparing novel benzazepine compounds.

18. The '730 Patent is owned by Otsuka and is listed in *Approved Drug Products with Therapeutic Equivalents* (the "Orange Book") in connection with NDA No. 204441 for JYNARQUE® tablets.

19. According to the Orange Book, the '730 Patent expires on September 1, 2026.

20. The '694 Patent, entitled "Pharmaceutical Solid Preparation Comprising Benzazepines and Production Method Thereof," was duly and legally issued on February 2, 2021. A true and correct copy of the '694 Patent is attached hereto as Exhibit B.

21. The '694 Patent claims pharmaceutical solid preparations obtained by particular methods.

22.     The '694 Patent is owned by Otsuka and is listed in the Orange Book in connection with NDA No. 204441 for JYNARQUE® tablets.

23.     According to the Orange Book, the '694 Patent expires on April 7, 2030.

24.     The '735 Patent, entitled "Process for Preparing Benzazepine Compounds or Salts Thereof" was duly and legally issued on September 25, 2012. A true and correct copy of the '735 Patent is attached hereto as Exhibit C.

25.     The '735 Patent claims processes for preparing novel benzazepine compounds.

26.     The '735 Patent is owned by Otsuka.

27.     The '735 patent expires on August 14, 2028.

**MSN'S ANDA**

28.     Upon information and belief, MSN submitted ANDA No. 219581 to the FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, offer for sale or sale in the United States, or importation into the United States, of MSN's ANDA Products, which are generic versions of JYNARQUE®.

29.     Upon information and belief, ANDA No. 219581 contains certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certifications"), alleging that no valid, enforceable claim of the '730 Patent or the '694 Patent will be infringed by MSN's ANDA Products.

30.     Otsuka received a letter sent by MSN, which is dated March 19, 2026, purporting to be a "Notice of Paragraph IV Certification" for ANDA No. 219581 ("MSN's Notice Letter") pursuant to § 505(j)(2)(B) of the FDCA and 21 C.F.R. § 314.95. MSN's Notice Letter notified Otsuka that MSN had filed ANDA No. 219581, seeking approval to engage in the commercial

manufacture, use, offer for sale, sale or importation of MSN's ANDA Products before the expiration of the Patents-in-Suit.

31.     Otsuka commenced this action within 45 days of receipt of MSN's Notice Letter.

## COUNT I

## INFRINGEMENT OF '730 PATENT

32.     Otsuka incorporates each of the preceding paragraphs as if fully set forth herein.

33.     Upon information and belief, MSN submitted to the FDA ANDA No. 219581 seeking approval to commercially manufacture, use, offer to sell and/or sell MSN's ANDA Products in the United States, or import them into the United States, before the expiration of the '730 Patent.

34.     Upon information and belief, MSN submitted to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '730 Patent are invalid, unenforceable and/or not infringed.

35.     Upon information and belief, in its ANDA No. 219581, MSN has represented to the FDA that MSN's ANDA Products are pharmaceutically and therapeutically equivalent to Otsuka's JYNARQUE® tablets.

36.     MSN has actual knowledge of Otsuka's '730 Patent.

37.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), MSN has infringed one or more claims of the '730 Patent, including at least claim 1, by submitting, or causing to be submitted, to the FDA ANDA No. 219581, seeking approval to commercially manufacture, use, offer to sell or sell MSN's ANDA Products, or import them into the United States, before the expiration date of the '730 Patent.

38.     Upon information and belief, if ANDA No. 219581 is approved, MSN intends to and will offer to sell and sell in the United States, and/or import into the United States, MSN's ANDA Products.

39.     Upon information and belief, if ANDA No. 219581 is approved, MSN will infringe one or more claims of the '730 Patent, including at least claim 1, under § 271(a), either literally or under the doctrine of equivalents, by commercially making, using, offering to sell, selling and/or importing MSN's ANDA Products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 219581 shall be no earlier than the expiration of the '730 Patent and any additional periods of exclusivity.

40.     Otsuka will be irreparably harmed by MSN's infringing activities unless this Court enjoins those activities.

41.     Otsuka does not have an adequate remedy at law.

## COUNT II

### INFRINGEMENT OF THE '694 PATENT

42.     Otsuka incorporates each of the preceding paragraphs as if fully set forth herein.

43.     Upon information and belief, MSN submitted to the FDA ANDA No. 219581 seeking approval to commercially manufacture, use, offer to sell and/or sell MSN's ANDA Products in the United States, or import them into the United States, before the expiration of the '694 Patent.

44.     Upon information and belief, MSN submitted to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '694 Patent are invalid, unenforceable and/or not infringed.

45.    Upon information and belief, in its ANDA No. 219581, MSN has represented to the FDA that MSN's ANDA Products are pharmaceutically and therapeutically equivalent to Otsuka's JYNARQUE® tablets.

46.    MSN has actual knowledge of Otsuka's '694 Patent.

47.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), MSN has infringed one or more claims of the '694 Patent, including at least claim 1, by submitting, or causing to be submitted, to the FDA ANDA No. 219581, seeking approval to commercially manufacture, use, offer to sell or sell MSN's ANDA Products, and/or import them into the United States, before the expiration date of the '694 Patent.

48.    Upon information and belief, if ANDA No. 219581 is approved, MSN intends to and will offer to sell and sell in the United States, and/or import into the United States, MSN's ANDA Products.

49.    Upon information and belief, if ANDA No. 219581 is approved, MSN will infringe one or more claims of the '694 Patent, including at least claim 1, under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing MSN's ANDA Products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 219581 shall be no earlier than the expiration of the '694 Patent and any additional periods of exclusivity.

50.    Otsuka will be irreparably harmed by MSN's infringing activities unless this Court enjoins those activities.

51.    Otsuka does not have an adequate remedy at law.

## COUNT III

### DECLARATORY JUDGMENT OF INFRINGEMENT
### OF THE '735 PATENT UNDER 35 U.S.C. § 271(g)

52.     Otsuka incorporates each of the preceding paragraphs as if fully set forth herein.

53.     A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Otsuka and MSN regarding infringement of the '735 Patent.

54.     MSN has made and will continue to make substantial and meaningful preparations to import into the United States and/or to use, offer to sell, and/or sell within the United States a product which is made by a process patented by the '735 Patent prior to the expiration of that patent.

55.     MSN's actions, including, but not limited to, the filing of ANDA No. 219581 and systematically attempting to meet the applicable regulatory requirements for approval of ANDA No. 219581 indicate a refusal to change its course of action.

56.     Upon information and belief, MSN's importation into the United States and/or use, offer for sale, and/or sale in the United States of MSN's ANDA Products prior to the expiration of the '735 Patent would infringe at least claims 6-8 and 10 of the '735 Patent under 35 U.S.C. § 271(g).

57.     Upon information and belief, MSN had actual and constructive notice of the '735 Patent prior to the filing of ANDA No. 219581 seeking approval of MSN's ANDA Products.

58.     Otsuka should be granted a judicial declaration that the importation into the United States and/or the use, offer for sale, and/or sale in the United States of MSN's ANDA Products will constitute infringement of the '735 Patent under 35 U.S.C. § 271(g).

59.     Otsuka will be irreparably harmed by MSN's infringing activities unless this Court enjoins those activities.

60.     Otsuka does not have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Otsuka respectfully requests the following relief:

A.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that MSN has infringed at least one claim of each of the '730 Patent and the '694 Patent by MSN's submission of ANDA No. 219581 to the FDA seeking approval to manufacture, use, offer to sell and/or sell MSN's ANDA Products in the United States, and/or import them into the United States, before the expiration of those patents;

B.     The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that MSN's making, using, offering to sell, selling or importation of MSN's ANDA Products before the expiration of the '730 Patent and the '694 Patent will infringe, actively induce infringement and/or contribute to the infringement of those patents under 35 U.S.C. § 271(a), (b) and/or (c);

C.     The issuance of an order that the effective date of any FDA approval of MSN's ANDA Products shall be no earlier than the expiration date of the '730 Patent and the '694 Patent and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

D.     The entry of a preliminary and permanent injunction, enjoining MSN and all persons acting in concert with MSN from commercially manufacturing, using, offering for sale or selling MSN's ANDA Products within the United States, or importing MSN's ANDA Products into the United States, until the expiration of the '730 Patent and the '694 Patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

E.     The entry of a preliminary and permanent injunction, enjoining MSN and all persons acting in concert with MSN from seeking, obtaining or maintaining approval of the ANDA

10

until the expiration of the '730 Patent and the '694 Patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F.    The entry of judgment declaring that the importation into the United States and/or the use, offer for sale, and/or sale in the United States of MSN's ANDA Products would constitute infringement of the '735 Patent by MSN pursuant to 35 U.S.C. § 271(g);

G.    A judgement permanently enjoining MSN and all persons acting in concert with MSN from importing into the United States and/or using, offering to sell, or selling in the United States the MSN ANDA Products until after expiration of the '735 Patent;

H.    The issuance of a declaration that this is an exceptional case and an award to Otsuka of its costs, expenses and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

I.    An award to Otsuka of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

J.    An award to Otsuka of any further and additional relief that this Court deems just and proper.

11

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

John D. Murnane
Alicia A. Russo
Zachary L. Garrett
Stephen Krachie
Taskeen Aman
Jacqueline Zahn
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10036

April 30, 2026

Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com

*Attorneys for Plaintiff*
*Otsuka Pharmaceutical Co., Ltd.*